# No. 23-8032

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,
Plaintiff-Appellee,
v.
JORGE ENRIQUE BARRAGAN-GUTIERREZ,
Defendant-Appellant.

_____

On Appeal from the United States District Court for the District of Wyoming
The Honorable Nancy D. Freudenthal
District Court No. 2:23-CV-00034-NDF

_____

# Mr. Barragan-Gutierrez's Opening Brief

_____

Adam Mueller
Meredith O'Harris
HADDON, MORGAN AND FOREMAN, P.C.
950 17th Street, Suite 1000
Denver, CO 80202
Tel 303.831.7364
Fax 303.832.2628
amueller@hmflaw.com
moharris@hmflaw.com

**Oral Argument Requested**

# Table of Contents

Table of Authorities ............................................................................. iii

Related Cases ...................................................................................... 1

Jurisdiction ......................................................................................... 1

Issues Presented for Review .................................................................. 1

Statement of the Case and the Facts ....................................................... 2

Summary of the Argument .................................................................... 4

Argument ............................................................................................ 6

I.   *Bruen* identified a new right that applies to more than "law-abiding citizens," and that newly recognized right is retroactive on collateral review. .................. 6

    A.  Standard of Review and Preservation. ........................................... 6

    B.  Legal background. .................................................................... 6

    C.  *Bruen* extended the Second Amendment to all "the people," not just "law-abiding citizens." .............................................................. 8

    D.  By extending the Second Amendment to all "the people" and not just "law-abiding citizens," *Bruen* recognized a new right. ....................... 13

    E.  *Bruen*'s newly recognized right is retroactive on collateral review. ........... 18

II.  Title 18 U.S.C. § 924(c)(1)(A)(i) is unconstitutional under *Bruen*. ................. 20

    A.  Standard of Review and Preservation. ........................................... 20

    B.  Law and Analysis. .................................................................. 21

Conclusion and Request for Oral Argument ............................................. 27

APPENDIX A: April 7, 2023 Order Dismissing Mr. Barragan's Section 2255 Motion to Vacate

APPENDIX B: April 7, 2023 Final Judgment

# Table of Authorities

**Cases**

*Atkinson v. Garland*,
  70 F.4th 1018 (7th Cir. 2023) ........................................................... 10, 16, 20, 27

*Chaidez v. United States*,
  568 U.S. 342 (2013) ........................................................................... 17

*Colo. Right To Life Comm., Inc. v. Coffman*,
  498 F.3d 1137 (10th Cir. 2007) ......................................................... 27

*District of Columbia v. Heller*,
  554 U.S. 570 (2008) ................................................................... passim

*Doe v. City of Albuquerque*,
  667 F.3d 1111 (10th Cir. 2012) ......................................................... 27

*Friedman v. City of Highland Park*,
  577 U.S. 1039, 136 S. Ct. 447 (2015) ................................................ 15

*In re Terry*,
  2022 WL 20033240 (11th Cir. Nov. 14, 2022) .............................. 9, 17

*James v. Wadas*,
  724 F.3d 1312 (10th Cir. 2013) ......................................................... 26

*Johnson v. United States*,
  576 U.S. 591 (2015) ........................................................................... 19

*Konigsberg v. State Bar of Cal.*,
  366 U.S. 36 (1961) ............................................................................. 10

*Lambrix v. Singletary*,
  520 U.S. 518 (1997) ........................................................................... 17

*Luis v. United States*,
  578 U.S. 5 (2016) ......................................................................... 16, 17

*Marbury v. Madison,*
   5 U.S. 137 (1803) ............................................................. 12

*McDonald v. City of Chicago,*
   561 U.S. 742 (2010) ...................................................... passim

*Montgomery v. Louisiana,*
   577 U.S. 190 (2016) ............................................... 4, 19, 20

*New York State Rifle & Pistol Ass'n. v. Bruen,*
   142 S. Ct. 2111 (2022) ................................................ passim

*Padilla v. Kentucky,*
   559 U.S. 356 (2010) ........................................................ 13

*Peruta v. California,*
   582 U.S. 943, 137 S. Ct. 1995 (2017) ............................ 15

*Range v. Att'y Gen.,*
   69 F.4th 96 (3d Cir. 2023) ............................. 9, 11, 12, 17

*Schriro v. Summerlin,*
   542 U.S. 348 (2004) .................................................. 19, 20

*Silvester v. Becerra,*
   138 S. Ct. 945 (2018) ..................................................... 15

*Teague v. Lane,*
   489 U.S. 288 (1989) ..................................... 4, 13, 14, 18

*Tyler v. Cain,*
   533 U.S. 656 (2001) .......................................................... 7

*United States v. Angelos,*
   417 F. App'x 786 (10th Cir. 2011) ................................ 12

*United States v. Burgess,*
   2023 WL 179886 (6th Cir. Jan. 13, 2023) ................... 9, 17

*United States v. Chang Hong*,
   671 F.3d 1147 (10th Cir. 2011) ............................................................13

*United States v. Daniels*,
   77 F.4th 337 (5th Cir. 2023) ................................................ 20, 22, 25

*United States v. Greer*,
   881 F.3d 1241 (10th Cir. 2018) ............................................................13

*United States v. Haas*,
   2022 WL 15048667 (10th Cir. Oct. 27, 2022) .................................... 16

*United States v. Harrison*,
   No. CR-22-00328-PRW, 2023 WL 1771138 (W.D. Okla. Feb. 3, 2023)........... 25

*United States v. Hopkins*,
   920 F.3d 690 (10th Cir. 2019*)* ..................................................... passim

*United States v. Jackson*,
   No. 22-2870, 2023 WL 5605618 (8th Cir. Aug. 30, 2023) ............................... 12

*United States v. Miller*,
   307 U.S. 174 (1939) ...................................................... 4, 14

*United States v. Miller*,
   868 F.3d 1182 (10th Cir. 2017) ........................................................... 6

*United States v. Rahimi*,
   61 F.4th 443 (5th Cir. 2023)............................................... 9, 15, 17, 20

*United States v. Rahimi*,
   143 S. Ct. 2688 (2023) .................................................................. 9

*United States v. Taylor*,
   672 F. App'x 860 (10th Cir. 2016) ....................................................13

*Vincent v. Garland*,
   No. 21-4121, ___ F. 4th ___, 2023 WL 5988299 (10th Cir. Sept. 15, 2023) ...6, 13, 20

*Welch v. United States*,
    578 U.S. 120 (2016) ................................................................... 19, 20

## Other Authorities

18 U.S.C. § 922(g)(3) .................................................................... 25

18 U.S.C. § 924(c)(1)(A) ............................................................... 21

18 U.S.C. § 924(c)(1)(A)(i) ...................................................... passim

18 U.S.C. § 924(c)(1)(A)(ii) ..............................................23, 25, 27

18 U.S.C. § 924(c)(1)(A)(iii) .............................................23, 25, 27

18 U.S.C. § 924(e)(2)(B)(ii) ........................................................ 19

28 U.S.C. § 2244(b)(2)(A) ............................................................. 7

28 U.S.C. § 2255(f) ...................................................................... 7

28 U.S.C. § 2255(f)(1) .................................................................. 7

28 U.S.C. § 2255(f)(3) ....................................................... 6, 7, 18, 21

28 U.S.C. § 2255(h) ...................................................................... 7

Joseph G.S. Greenlee,
    *The Historical Justification for Prohibiting Dangerous Persons from Possessing
    Arms*, 20 Wyo. L. Rev. 249 (2020) .................................................. 10

Margarita Mercado Echegaray,
    *Drug Prohibition in America: Federal Drug Policy and Its Consequences*, 75 Rev.
    Jur. U.P.R. 1215 (2006) .............................................................. 23

Robert H. Churchill,
    *Gun Regulation, the Police Power, and the Right to Keep Arms in Early America:
    The Legal Context of the Second Amendment*, 25 L. And Hist. Rev. 139 (2007) ...11

U.S. Const. amend. II .............................................................. passim

**Rules**

Fed. R. App. P. 34 .................................................................................... 28

## Related Cases

*United States v. Barragan-Gutierrez*, No. 2:14-cr-00232-NDF-3 (D. Wyo.)

(underlying criminal case against Mr. Barragan)

*United States v. Barragan-Gutierrez*, No. 15-8026 (10th Cir.) (Mr. Barragan's

direct appeal of the judgment of conviction entered in Case No. 2:14-cr-00232-

NDF-3 (D. Wyo.)) (case dismissed on August 18, 2015) (case under seal)

# Jurisdiction

The district court entered a final judgment on April 7, 2023. Vol. II, p 20.

Mr. Barragan filed a timely notice of appeal on May 2, 2023. *Id.* at 21. This Court

has jurisdiction under 28 U.S.C. § 1291.

## Issues Presented for Review

Mr. Barragan filed a *pro* se petition under § 2255. The district court denied

the petition without ordering a response from the government. Judge Matheson

granted a certificate of appealability on three issues:

1)      Whether *New York State Rifle & Pistol Ass'n. v. Bruen*, 142 S. Ct. 2111

(2022) identified a new right that applies to more than "law-abiding citizens."

2)      If *Bruen* recognized a new right that applies to more than "law-abiding

citizens," whether the new right is retroactive on collateral review.

1

3)     If the new right is retroactive on collateral review, whether 18 U.S.C. § 924(c)(1)(A)(i) is unconstitutional under *Bruen*.[1]

This Court appointed undersigned counsel to file a supplemental opening brief on Mr. Barragan's behalf. Order Appointing Counsel, June 23, 2023.

## Statement of the Case and the Facts

In 2014, Mr. Barragan pleaded guilty to three charges: (1) conspiracy to possess with intent to distribute methamphetamine, heroin, and marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(l), and 841(b)(l)(A) (Count 1); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 942(c)(1)(A)(i) (Count 2); and (3) conspiracy to launder money, in violation of 18 U.S.C. §§ 1956(a)(l)(A)(i) and 1956(h) (Count 3). Vol. I, p 47.

On February 25, 2015, the district court sentenced Mr. Barragan to two concurrent counts of 151 months' imprisonment on Counts 1 and 3 and a consecutive sentence of 60 months' imprisonment on Count 2. Vol. I, p 48.[2]

---

[1] Mr. Barragan was convicted in violation of 18 U.S.C. § 924(c)(1)(A)(i) since he neither brandished nor discharged a firearm. Accordingly, in Part II of this Brief, Mr. Barragan challenges the constitutionality of that provision under *Bruen*; there is no need for this Court to consider whether subsections (c)(1)(A)(ii) or (c)(1)(A)(iii) are unconstitutional after *Bruen*.

[2] The district court later reduced Mr. Barragan's sentence to 181 months. *See* Order Granting Certificate of Appealability, June 22, 2023, p 2 n.2.

Count 2 was based on Mr. Barragan's possession of an AR-15 rifle and a Masterpiece Arms 9 mm machine gun style firearm. Vol. I, pp 70-74; Vol. III, pp 34, 39. At the change of plea hearing, Mr. Barragan admitted possessing the AR-15 for a brief period. Vol. I, pp 70-71. Mr. Barragan said he received the rifle in exchange for drugs and that he possessed the rifle "only . . . for a while before I returned it to its owner because I really didn't need it." *Id.* at 71:14-15. For its part, the Masterpiece Arms 9 mm was discovered during a July 2014 search of a home connected to Mr. Barragan. *Id.* at 73; Vol. III, pp 19-20.

Neither the plea agreement nor the transcript of the change of plea hearing allege that Mr. Barragan used or threatened to use any firearm. Vol. I, pp 70-74; Vol. III, pp 14-23. Instead, the record shows that Mr. Barragan possessed a firearm during the same time and in the same location in which he distributed controlled substances. Vol. I, pp 70-71; Vol. III, pp 14-23.

Although the government alleged that Mr. Barragan kept a firearm at his home in case someone tried to steal drugs (something the government said had happened before), Vol. 1, p 73:9-20, Mr. Barragan said that AR-15 "wasn't for my own protection because I was getting ready to leave. It was for them, the other people." *Id.* at 74:4-7.

3

## Summary of the Argument

**First**, *Bruen* identified a new right that applies to more than "law-abiding citizens," consistent with the Second Amendment's guarantee that it applies to all "the people." While *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742 (2010) made clear that the Second Amendment guarantees an individual right to keep and bear arms, neither case clearly held that this right applies to all "the people." *Bruen*'s holding that the Second Amendment applies to more than just "law-abiding citizens" was not dictated by either *Heller*, *McDonald,* or *United States v. Miller*, 307 U.S. 174 (1939), and, as a result, it identified a new right.

**Second**, the new right recognized by *Bruen* is retroactive on collateral review. *Bruen* announced a substantive rule of law that "forbids criminal punishment of certain primary conduct" or "prohibits a certain category of punishment for a class of defendants because of their status or offense." *Montgomery v. Louisiana*, 577 U.S. 190, 206 (2016) (citation omitted). By making clear that the Second Amendment applies to all "the people" and not just "law-abiding citizens," *Bruen* alters the range of conduct or the class of persons that the law punishes. Under *Teague v. Lane*, 489 U.S. 288 (1989), the decision in *Bruen* is retroactive on collateral review.

4

**Finally**, 18 U.S.C. § 924(c)(1)(A)(i) is unconstitutional under *Bruen*. In *Bruen*, the Supreme Court articulated a two-part test for determining whether a firearms regulation is constitutional under the Second Amendment. **First**, courts determine whether the statute implicates the Second Amendment's plain text. In other words, courts must determine whether the statute implicates an individual's firearms possession. **Second**, if the statute implicates the Second Amendment's plain text, then the regulation is presumptively unconstitutional and, to rebut that presumption, the government must prove the statute is consistent with our Nation's historical tradition of firearm regulation. Here, Mr. Barragan was subject to a mandatory 60-month sentence based on his mere possession of a firearm; the government was not required to prove, and Mr. Barragan did not admit, that he used the firearm at all, either by brandishing it or discharging it. All Mr. Barragan did was possess a firearm during the same time and in the same location in which he distributed controlled substances. Therefore, 18 U.S.C. § 924(c)(1)(A)(i) is presumptively unconstitutional. And because there is no historical analogue to the statute, the government cannot meet its burden of showing the statute is consistent with our Nation's historical tradition of firearm regulation.

## Argument

**I.** *Bruen* **identified a new right that applies to more than "law-abiding citizens," and that newly recognized right is retroactive on collateral review.**

### A. Standard of Review and Preservation.

This issue is preserved. Vol. II, pp 3-19.

De novo review applies because the meaning of the Second Amendment and the applicability of 28 U.S.C. § 2255(f)(3) are questions of law. *Vincent v. Garland*, No. 21-4121, ___ F. 4th ___, 2023 WL 5988299, at *1 (10th Cir. Sept. 15, 2023) (applying de novo review to a challenge under the Second Amendment); *United States v. Hopkins*, 920 F.3d 690, 697 (10th Cir. 2019*)* ("[W]e review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." (quoting *United States v. Miller*, 868 F.3d 1182, 1186 (10th Cir. 2017))).

### B. Legal background.

In this Part I of the Opening Brief, Mr. Barragan will address the first two questions on which Judge Matheson granted a certificate of appealability. That's because Mr. Barragan's § 2255 petition was untimely unless the answer to both questions is "yes"— Did *Bruen* identify a new right that applies to more than "law-abiding citizens," and if so, is the new right recognized by *Bruen* retroactive on collateral review?

Section 2255(f) provides a one-year statute of limitations for petitions seeking collateral relief. 28 U.S.C. § 2255(f). Mr. Barragan's petition was not filed within one year of the "date on which the judgment of conviction [became] final." 28 U.S.C. § 2255(f)(1). Thus, his petition was untimely unless it falls within the exception of subsection (f)(3). That provision authorizes a defendant to file a § 2255 petition within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

The first question, therefore, is whether *Bruen* recognized a new right. If so, the next question is whether that newly recognized right applies retroactively to cases on collateral review. The answer to both questions is "yes."[3]

---

[3] Because this is Mr. Barragan's first § 2255 petition, he need not surmount the additional burden of proving an entitlement to a second or successive petition. *See* 28 U.S.C. § 2255(h). Additionally, a first § 2255 petition is a proper vehicle for deciding whether a newly recognized right is retroactive on collateral review even if a second or successive § 2255 petition based on a newly recognized right can succeed only if the *Supreme Court* (as opposed to this Court) has determined the right is retroactive on collateral review. *Tyler v. Cain*, 533 U.S. 656, 663 (2001); *Hopkins*, 920 F.3d at 699; *see* 28 U.S.C. § 2244(b)(2)(A).

### C. *Bruen* extended the Second Amendment to all "the people," not just "law-abiding citizens."

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of *the people* to keep and bear Arms, shall not be infringed." U.S. Const. amend. II (emphasis added).

Last year, in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the Supreme Court struck down New York's "discretionary" regulatory process for obtaining a concealed carry permit. The Court held individuals need not demonstrate a "special need" before receiving a concealed carry permit under the Second Amendment.

Relevant here, *Bruen* explained that firearms restrictions are now subject to a two-part test. **First**, courts must determine whether "the Second Amendment's plain text covers an individual's conduct," *i.e.*, firearms possession. *Id.* at 2129-30.

**Second**, if the Second Amendment applies, the "Constitution presumptively protects that conduct" and the government must overcome that presumption and "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130, 2133 ("[W]hether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified are 'central' considerations when engaging in an analogical inquiry.") (citation

8

omitted). The government must point to "historical precedent from before, during, and even after the founding [that] evinces a comparable tradition of regulation." *Id.* at 2131–32 (internal quotations omitted). It is not incumbent on courts to "sift the historical materials for evidence to sustain" a firearms restriction. *Id.* at 2150. That is the government's burden, and only when the government meets this burden may a court conclude the restriction "falls outside the Second Amendment's unqualified command." *Id.* at 2130 (citation omitted).

As the Third Circuit and the Fifth Circuit recognized, *Bruen* extended the Second Amendment to all "the people," not just "law-abiding citizens." *Range v. Att'y Gen.*, 69 F.4th 96, 102 (3d Cir. 2023) (en banc) (holding that *Bruen* applies to "the people" and not just "law-abiding, responsible citizens"); *United States v. Rahimi*, 61 F.4th 443, 451 (5th Cir. 2023) (concluding *Bruen* applies to "the people" including defendants who are "neither responsible nor law-abiding"), *cert. granted* 143 S. Ct. 2688 (2023). *But see United States v. Burgess*, 2023 WL 179886, at *5 (6th Cir. Jan. 13, 2023) (unpublished) ("*Bruen* [] referred repeatedly to the rights of 'law-abiding citizens,'" and "having admitted to conduct outside the scope of the Second Amendment right as historically understood, [defendant] cannot seek refuge in *Bruen*" (citations omitted)); *In re Terry*, 2022 WL 20033240, at *2 (11th Cir. Nov. 14, 2022) (unpublished) (stating the Supreme Court

9

"confined its opinion to the context of 'law-abiding' citizens"). This Court should interpret *Bruen* as have the Third and Fifth Circuits, both of which read the decision to extend to *all the people* the right to keep and bear arms.

Indeed, the plain text of the Second Amendment provides an "*unqualified command*" and admits of no exception for individuals who are not "law-abiding." *See Bruen*, 142 S. Ct. at 2130 (emphasis added) (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10 (1961)). The district court erred in concluding otherwise.

The district court erred in limiting the Second Amendment to certain people rather than *the* people. *Bruen* is clear that the first question under its analysis is merely whether the plain text of the Second Amendment is implicated. *Bruen*, 142 S. Ct. at 2126. And the Second Amendment's plain text governs "the right of *the people* to keep and bear Arms." (Emphasis added). *See also Atkinson v. Garland*, 70 F.4th 1018, 1020 (7th Cir. 2023) ("[W]hen the Second Amendment's 'plain text' covers the regulated conduct, the government has only one way to defend the regulation—by proving that it is 'consistent with this Nation's historical tradition of firearm regulation.'" (quoting *Bruen*, 124 S. Ct. at 2126)).[4]

---

[4] This is consistent with the essentiality of firearms possession to survival in colonial times. *See* Joseph G.S. Greenlee, *The Historical Justification for Prohibiting Dangerous Persons from Possessing Arms*, 20 Wyo. L. Rev. 249, 261 (2020) ("The colonists depended on firearms for food, protection, trade, sport, and conquest.

—footnote cont'd on next page—

True, *Heller*, 554 U.S. at 625, *McDonald*, 561 U.S. at 790, and *Bruen*, 142 S. Ct. at 2134, all reference "law-abiding" citizens, but those statements were dicta. *See Range*, 69 F.4th at 101 ("[T]he criminal histories of the plaintiffs in *Heller*, *McDonald*, and *Bruen* were not at issue in those cases. So their references to 'law-abiding, responsible citizens' were dicta."). *See also Heller*, 554 U.S. at 581 ("We start [] with a strong presumption that the Second Amendment right is exercised individually and belongs to all Americans.").

**Second**, the district court did not explain how Mr. Barragan is among "the people" protected by the First and Fourth Amendments, but not among "the people" protected by the Second Amendment. The Supreme Court rejected exactly this notion in *McDonald*, concluding that the Second Amendment is not "subject to an entirely different body of rules than the other Bill of Rights guarantees." 561 U.S. at 780; *see also Range*, 69 F.4th at 101-02 ("[O]ther Constitutional provisions reference 'the people.' . . And we see no reason to adopt an inconsistent reading of 'the people.'").

---

Thus, they soon grew contemptuous of the constricted nature of the English arms right. And the right ultimately codified in the Second Amendment of the United States Constitution reflects the broad, robust, and uniquely American tradition."); Robert H. Churchill, *Gun Regulation, the Police Power, and the Right to Keep Arms in Early America: The Legal Context of the Second Amendment*, 25 L. And Hist. Rev. 139, 142 (2007) ("[A]t no time between 1607 and 1815 did the colonial or state governments . . . restrict the ownership of guns by members of the body politic.").

**Third**, "the phrase 'law-abiding, responsible citizens' is as expansive as it is vague. Who are 'law-abiding' citizens in this context?" *Range*, 69 F.4th at 102. Indeed, if the Congress defines the scope of criminal liability, it can easily (and unconstitutionally) usurp the power to define the scope of the Second Amendment simply by classifying certain individuals or groups as "law un-abiding." *See Marbury v. Madison*, 5 U.S. 137, 138 (1803) ("An act of congress repugnant to the constitution cannot become a law."). This Court should "reject that approach." *Range*, 69 F.4th at 102-03.

**Finally**, the district court erred in relying on *United States v. Angelos*, where this Court rejected a Second Amendment challenge to 18 U.S.C. § 924(c) under *Heller*. 417 F. App'x 786, 800-01 (10th Cir. 2011). *Angelos* is inapt not only because it did not apply *Bruen*'s new framework. It also placed the burden on the defendant to show the statute was unconstitutional. *Bruen* rejected such an approach. If the plain text of the Second Amendment covers the conduct, it is the government's burden alone to prove a firearms regulation reflects our Nation's history and tradition. *Bruen*, 142 S. Ct. at 2133; *United States v. Jackson*, No. 22-2870, 2023 WL 5605618, at *1 (8th Cir. Aug. 30, 2023) (concluding that *Bruen* abrogated circuit precedent because the court previously required a defendant to carry the burden of proof under *Heller*: "It should go without saying that we have to follow what the

12

Supreme Court says, even if we said something different before."). *But see Vincent*, 2023 WL 5988299, at *2 (refusing to depart from precedent predating *Bruen* where *Bruen* did not "indisputably and pellucidly" abrogate it).

For these reasons, and as recognized by the Third and Fifth Circuits, *Bruen* extended the Second Amendment right to keep and bear arms to *all the people*, not just "law-abiding citizens." U.S. Const. amend. II; *see Bruen*, 142 S. Ct. at 2133. The district court erred in ruling otherwise.

### D. By extending the Second Amendment to all "the people" and not just "law-abiding citizens," *Bruen* recognized a new right.

In extending the Second Amendment right to keep and bear arms to all "the people," *Bruen* did not say whether it was recognizing a new right. Accordingly, this Court looks to *Teague v. Lane* for guidance. *Hopkins*, 920 F.3d at 698 (citing *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) (unpublished); *United States v. Chang Hong*, 671 F.3d 1147, 1150-51 (10th Cir. 2011)).

Under *Teague*, "a right is 'newly recognized' for § 2255(f)(3) purposes if it is 'not dictated by precedent.'" *Hopkins*, 920 F.3d at 698 (quoting *United States v. Greer*, 881 F.3d 1241, 1245 (10th Cir. 2018)). "A Supreme Court decision recognizing a right over a dissent is less likely to be dictated by precedent." *Id.* (citing *Chang Hong*, 671 F.3d at 1154-55 (10th Cir. 2011) (concluding that the Supreme Court recognized a new rule in *Padilla v. Kentucky*, 559 U.S. 356 (2010))).

By contrast, a right is not "newly recognized" if it was "dictated by precedent existing at the time the defendant's conviction became final, is apparent to all reasonable jurists, or is merely an application of an existing right or principle." *Id.* (quotations and citations omitted).

Here, four considerations show that *Bruen* recognized a new right of all "the people" to keep and bear arms, not just "law-abiding citizens."

**First**, *Bruen*'s recognition that the Second Amendment applies to all "the People" and not just "responsible, law-abiding people," was not dictated by precedent. *See Hopkins*, 920 F.3d at 698 (a right is "newly recognized" for purposes of § 2255(f)(3) if it is "not dictated by precedent"). For one thing, until the decision in *Heller*, no Supreme Court case had clearly recognized an individual right to keep and bear firearms. *See Miller*, 307 U.S. at 178 (rejecting argument that Second Amendment protected individual right to possess or use a shotgun having a barrel of less than eighteen inches in length because that possession and use did not have a reasonable relationship to the preservation or efficiency of a well regulated militia). And while *Heller* and *McDonald* held that individuals possess an individual right to keep and bear arms under the Second Amendment, neither decision clearly held that this right applied beyond "law-abiding citizens." *See, e.g.*, *Heller*, 554 U.S. at 625 (interpreting *United States v. Miller* "to say only that the Second

Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns")[5]; *McDonald*, 561 U.S. at 886 ("'[T]he need for defense of self, family, and property is most acute' in one's abode, and celebrating 'the right of law-abiding, responsible citizens to use arms in defense of hearth and home.'" (quoting *Heller*, 554 U.S. at 628, 635)). The decision in *Bruen*—to extend the Second Amendment to more than just "law-abiding citizens"—was thus not dictated by precedent and, instead, qualifies as a "newly recognized" right.[6] *See Hopkins*, 920 F.3d 701 (distinguishing precedent

---

[5] The Fifth Circuit in *Rahimi* concluded that *Heller*'s reference to "law-abiding citizens" was shorthand for explaining that its holding should not "be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings. . . ." *Rahimi*, 61 F.4th at 452 (5th Cir.) (quoting *Heller*, 554 U.S. at 626-27).

Mr. Barragan was *not* convicted of being a felon in possession or of possessing a firearm in a sensitive place like a school or government building. Nor was he mentally ill.

[6] More evidence of this can be seen from Justice Thomas's writings before he authored the decision in *Bruen*, in which he criticized lower courts for treating the Second Amendment as a disfavored provision of the Constitution. *See, e.g.*, *Silvester v. Becerra*, 138 S. Ct. 945, 945 (2018) (Thomas, J., dissenting from denial of certiorari) (bemoaning "lower courts' general failure to afford the Second Amendment the respect due an enumerated constitutional right"); *Peruta v. California*, 582 U.S. 943, 137 S. Ct. 1995, 1999 (2017) (Thomas, J., joined by Gorsuch, J., dissenting from denial of certiorari) (lamenting "distressing trend" of "the treatment of the Second Amendment as a disfavored right"); *Friedman v. City of Highland Park*, 577 U.S. 1039, 136 S. Ct. 447, 447 (2015) (Thomas, J., joined by

—footnote cont'd on next page—

and concluding that rule of *Luis v. United States*, 578 U.S. 5 (2016)—that the Sixth Amendment prevents the government from pretrial freezing or seizing of untainted assets to prevent their dissipation—was not dictated by precedent because it was "apparent to all reasonable jurists").

**Second**, *Bruen* specifically overruled all prior formulations of the government's burden as an interests-balancing test subject to "intermediate" or "strict" scrutiny. *Bruen*, 142 S. Ct. at 2126. Now, the only test is whether the government can point to a compelling historical analogue justifying the restriction. *Id.* That is new. *Atkinson*, 70 F.4th at 1019 ("*Bruen* announced a new framework for analyzing restrictions on the possession of firearms."); *United States v. Haas*, 2022 WL 15048667, at *2 n.1 (10th Cir. Oct. 27, 2022) (unpublished) (explaining *Bruen* "set forth a new test for assessing the constitutionality of a statute under the Second Amendment"); Order Granting Certificate of Appealability, June 22, 2023, p 5 n.4.

**Third**, *Bruen* was decided over the dissent of Justices Breyer, Sotomayor, and Kagan. And in the words of Justice Breyer, the *Bruen* majority "misread[] *Heller*." *Bruen*, 142 S. Ct. at 2175 (Breyer, J., dissenting). That is compelling

---

Scalia, J., dissenting from denial of certiorari) (criticizing "noncompliance with our Second Amendment precedents" by "several Courts of Appeals").

evidence that *Bruen* recognized a new right. *See Hopkins*, 920 F.3d at 702 (concluding that *Luis* recognized a new right in part because Justice Kennedy's dissent characterized the plurality's decision as "unprecedented" and stated that it "ignore[d] . . . precedent[ ]").

**Fourth**, like the fact that *Bruen* was decided over a dissent, the fact that there is a circuit split over its meaning is further evidence that it recognized a new right. *Cf. Chaidez v. United States*, 568 U.S. 342, 347 (2013) (a holding is not dictated by precedent "unless it would have been 'apparent to all reasonable jurists'" (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527-28 (1997))). As noted above, the Third and Fifth Circuits have concluded that *Bruen* extended the right to keep and bear arms to all "the people," not just "law-abiding citizens." *Range*, 69 F.4th at 102; *Rahimi*, 61 F.4th at 451. In the words of the Fifth Circuit, *Bruen* did not merely add a "gloss" on the Second Amendment. *Rahimi*, 61 F. 4th at 451.

The Sixth and Eleventh Circuits (in unpublished opinions at least) have taken the opposite view. *Burgess*, 2023 WL 179886, at *5; *In re Terry*, 2022 WL 20033240, at *2. If this Court agrees with the Third and Fifth Circuits' decisions,

then there can be little doubt *Bruen* paved a new path in Second Amendment law by recognizing a new right.[7]

Because precedent did not dictate *Bruen*'s extension of the Second Amendment right to keep and bear arms to all "the people" and not just "law-abiding citizens," the decision recognized a new right. In turn, as explained below, that new right is retroactive on collateral review, and Mr. Barragan's § 2255 petition is timely under § 2255(f)(3).

### E. *Bruen*'s newly recognized right is retroactive on collateral review.

"Under *Teague*, a new constitutional rule of criminal law or procedure is not generally applicable retroactively to cases on collateral review. But *Teague* recognized two exceptions: (1) rules that change what conduct is punishable under substantive criminal law, and (2) watershed rules of criminal procedure." *Hopkins*, 920 F.3d at 699 (quotations and citations omitted). This case is about the first exception.

*Teague*'s first exception applies when a newly recognized substantive rule "forbid[s] criminal punishment of certain primary conduct" or "prohibit[s] a

---

[7] Of course, if this Court agrees with the Sixth and Eleventh Circuits' reading of *Bruen*, then it will likely conclude that *Bruen* did not recognize a new right. In that case, Mr. Barragan's § 2255 petition will be untimely because § 2255(f)(3) applies only to rights that have "been newly recognized by the Supreme Court. . . ."

certain category of punishment for a class of defendants because of their status or offense." *Id.* (citing *Montgomery*, 577 U.S. at 206).

In *Johnson v. United States*, 576 U.S. 591, 606 (2015), for example, the Supreme Court held the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) was void for vagueness. In turn, in *Welch v. United States*, 578 U.S. 120, 130 (2016) the Supreme Court held that *Johnson* applied retroactively. *Welch* explained that "the rule announced in *Johnson* is substantive." *Id.* at 129. By striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering "the range of conduct or the class of persons that the [Act] punishes." *Id.* at 135 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)).

Under the logic of *Welch*, *Bruen* is retroactive on collateral review because it announced a substantive rule that "alters the range of conduct or the class of persons that the law punishes." *See id.* at 129 (quoting *Schriro,* 542 U.S. at 353). After *Bruen*, the Second Amendment's right to keep and bear arms—to possess a firearm—is not limited to a "certain class of persons" (i.e., "law-abiding citizens") and it instead applies, as the plain language of the Amendment says, to all "the people." U.S. Const. amend. II. *Bruen* is a "constitutional determination[] that

19

place[s] particular conduct or persons covered by [18 U.S.C. § 924(c)(1)(A)(i)] beyond the State's power to punish." *Id.* (quoting *Schriro*, 542 U.S. at 351-52).

For example, in *United States v. Daniels*, the Fifth Circuit held that *Bruen* rendered unconstitutional 18 U.S.C. § 922(g)(3), which bars an individual from possessing a firearm if he is an "unlawful user" of a controlled substance, in that case marijuana. 77 F.4th 337, 339 (5th Cir. 2023). While not a case about retroactivity, the Firth Circuit held that it was unconstitutional to strip a "certain class of persons," *i.e.*, marijuana users, of their Second Amendment rights. *Id.* at 354. The Fifth Circuit's analysis shows what *Bruen* announced: A new substantive rule "forbid[ding] criminal punishment of certain primary conduct" or "prohibit[ing] a certain category of punishment for a class of defendants because of their status or offense." *Montgomery* 577 U.S. at 206. That means *Bruen* is retroactive on collateral review.

## II. Title 18 U.S.C. § 924(c)(1)(A)(i) is unconstitutional under *Bruen*.

### A. Standard of Review and Preservation.

Whether a federal statute is constitutional under the Second Amendment is a question of law reviewed de novo. *Vincent*, 2023 WL 5988299, at *1; *Atkinson*, 70 F.4th at 1025 (same); *Rahimi*, 61 F.4th at 451 (same).

This issue is preserved. Vol. II, pp 3-19.

20

### B. Law and Analysis.

Because *Bruen* announced a new rule that the Second Amendment applies to all "the people" and not just "law-abiding citizens," and because that rule is retroactive on collateral review, Mr. Barragan's § 2255 motion was timely under § 2255(f)(3). This Court, therefore, should reach the merits of the constitutional question he raised *pro se* in the court below: Does 18 U.S.C. § 924(c)(1)(A)(i) violate the Second Amendment? The answer is yes.

Title 18 U.S.C. § 924(c)(1)(A) provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> > (i) be sentenced to a term of imprisonment of not less than 5 years;
> >
> > (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> >
> > (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

Because Mr. Barragan did not brandish or discharge a firearm, he was sentenced under subsection (c)(1)(A)(i) to a term of 60 months' imprisonment. And as

discussed above, the record establishes that Mr. Barragan did nothing more than possess a firearm during the same time and in the same location in which he distributed controlled substances.

*Bruen* establishes the following framework for analyzing the constitutional statute under the Second Amendment. If a federal regulation implicates the Second Amendment, that regulation is presumptively unconstitutional unless the government provides a "well-established and representative historical *analogue*" that is consistent with the Framer's view of a valid limitation on the Second Amendment. *Bruen*, 142 S. Ct. at 2133 (emphasis in original).[8] The government need not provide a "historical twin," but the historical analogue and presently challenged statute "must both address a comparable problem (the 'why') and place a comparable burden on the rightsholder (the 'how')." *Daniels*, 77 F.4th at 342.

---

[8] The Supreme Court explained:

> To be sure, historical analysis can be difficult; it sometimes requires resolving threshold questions, and making nuanced judgments about which evidence to consult and how to interpret it. But reliance on history to inform the meaning of constitutional text—especially text meant to codify a pre-existing right—is, in our view, more legitimate, and more administrable, than asking judges to make difficult empirical judgments about the costs and benefits of firearms restrictions, especially given their lack of expertise in the field.

*Bruen*, 142 S. Ct. at 2130 (cleaned up).

Because Mr. Barragan was convicted merely because of his possession of a firearm—a right that applies to all "the people" after *Bruen*—the Second Amendment by its plain terms covers his conduct, and 18 U.S.C. § 924(c)(1)(A)(i) is presumptively unconstitutional. In turn, the government cannot meet its burden to establish the statute's constitutionality.[9]

**First**, "[a]ny study of drug policy in the United States of America must take into consideration that illicit drugs were once legal in the United States." Margarita Mercado Echegaray*, Drug Prohibition in America: Federal Drug Policy and Its Consequences*, 75 Rev. Jur. U.P.R. 1215, 1217 (2006).[10] Because there is no historical tradition of drug criminalization at the time of our country's founding, there is no historical analogue to imposing a separate conviction and sentence for possession (but not use) of a firearm at the same time and location as unlawful drug distribution.

---

[9] Because Mr. Barragan did not brandish or discharge the firearm, this Court need not consider whether either 18 U.S.C. § 924(c)(1)(A)(ii) or 18 U.S.C. § 924(c)(1)(A)(iii) is unconstitutional.

[10] The tide apparently only shifted because of racial animus towards immigrants and Black communities in the late nineteenth century. Margarita Mercado Echegaray*, Drug Prohibition in America: Federal Drug Policy and Its Consequences*, 75 Rev. Jur. U.P.R. 1215, 1217-20 (2006).

**Second**, Mr. Barragan merely possessed the firearm during the same time and in the same location in which he distributed controlled substances. He did not use the firearm to facilitate distribution; he did not brandish the firearm during an act of distribution; and he did not discharge a firearm as part of an act of distribution. As Mr. Barragan explained below, 18 U.S.C. 924(c)(1)(A)(i) criminalizes

> conduct that is not necessarily related to drug trafficking, but rather the mere possession of a firearm during the commission of the offense. This means that a person could be convicted under [§ 924(c)(1)(A)(i)] for simply possessing a firearm while engaging in drug trafficking, even if the firearm was not used or brandished in any way. This broad scope of the law could potentially criminalize the conduct of individuals who are not actually a danger to society or who are not using their firearms for any unlawful purposes.

Vol. 2, p 8.

As the Supreme Court held in *Heller* and *McDonald*, possession of a firearm is the core of the Second Amendment. And under *Bruen*, that right extends not just to "law-abiding citizens" but to all "the people." Section 924(c)(1)(A)(i) thus imposes a substantial burden on a person's core Second Amendment rights

24

because it criminalizes mere possession without also requiring proof that the firearm was used in any way.[11]

**Third**, in *Daniels*, the Fifth Circuit held that 18 U.S.C. § 922(g)(3), which prevents "unlawful users" of a controlled substance from possessing a firearm, was unconstitutional under *Bruen*. The court reasoned that there simply was not historical tradition of preventing unlawful drug users from possessing firearms. *See* 77 F.4th at 340; *see also United States v. Harrison*, No. CR-22-00328-PRW, 2023 WL 1771138, at *7 (W.D. Okla. Feb. 3, 2023) (discussing several laws that applied generally to firearms and intoxicants and concluding none satisfied *Bruen*'s second step). Likewise, the government cannot point to a historical tradition of criminalizing the mere possession of a firearm during the same time and in the same location in which a person also distributes controlled substances and while not under the influence of controlled substances, which themselves were not unlawful for much of our history.

**Fourth**, drug abuse, drug dealing, and the use of firearms along with intoxicants have been "general societal problem[s]" for centuries. *See Bruen*, 142 S.

---

[11] Subsections (c)(1)(A)(ii) and (c)(1)(A)(iii), which penalize the *use* of firearms in furtherance of drug trafficking crimes, are more than sufficient to vindicate the government's interest in deterring gun violence as part of drug trafficking.

Ct. at 2131 (stating that if a modern regulation addresses "a general societal problem that has persisted since the 18th century," "the lack of a distinctly similar historical regulation addressing that problem is relevant evidence that the challenged regulation is inconsistent with the Second Amendment"). In turn, the absence of any historical regulation addressing firearms possession during the process of drug distribution shows that 18 U.S.C. § 924(c)(1)(A)(i) conflicts with the Second Amendment. *See id.*

For these reasons, Mr. Barragan has met his burden of showing that his conduct falls within the plain text of the Second Amendment. The burden now shifts to the government to point to a well-established and representative historical analogue for 18 U.S.C. § 924(c)(1)(A)(i). Because the government will be unable to meet that burden, this Court should declare that 18 U.S.C. § 924(c)(1)(A)(i) is unconstitutional, at least as applied to Mr. Barragan.[12]

---

[12] Mr. Barragan filed his § 2255 motion *pro se*. Order Granting Certificate of Appealability, June 22, 2023, p 1 & n.1 His *pro se* motion, which is entitled to liberal construction by this Court, *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013), did not expressly say whether he was leveling a facial or as-applied challenge to § 924(c)(1)(A)(i).

Because the record is clear that Mr. Barragan did nothing but possess a firearm during the same time period and in the same location in which he distributed controlled substances, this Court can hold that § 924(c)(1)(A)(i) is unconstitutional as applied to Mr. Barragan in this case. *See Colo. Right To Life*

—footnote cont'd on next page—

## Conclusion and Request for Oral Argument

This Court should reverse the district court's dismissal of Mr. Barragan's

§ 2255 petition and remand with instructions to grant the petition, to enter

judgment on the petition in favor of Mr. Barragan, and to award relief accordingly.

Alternatively, this Court should vacate the dismissal and remand for consideration

of the merits of Mr. Barragan's challenge to 18 U.S.C. § 924(c)(1)(A)(i).[13]

---

*Comm., Inc. v. Coffman*, 498 F.3d 1137, 1156 (10th Cir. 2007) (declining to address a facial constitutional challenge because the "as applied" challenge adequately addressed the plaintiff's concerns, and it was unnecessary to formulate a broader rule")

Of course, the logic of the argument Mr. Barragan raised below calls into doubt the facial constitutionality of § 924(c)(1)(A)(i) as well since that provision, unlike § 924(c)(1)(A)(ii) or § 924(c)(1)(A)(iii), does not require proof that a firearm was actually *used* in connection with drug trafficking. *See Doe v. City of Albuquerque*, 667 F.3d 1111, 1127 (10th Cir. 2012) ("[A] facial challenge is just that—a challenge to the terms of the statute, not hypothetical applications.").

Were this Court to remand to the district court for further proceedings, *see infra* Note 13, any question about the scope of Mr. Barragan's challenge could be sorted out on remand. After all, Mr. Barragan's § 2255 petition was dismissed without a response from the government.

[13] Because the district court did not undertake any historical analysis, remand for consideration of this issue may be appropriate if this Court chooses not to undertake that analysis in the first instance. *See Atkinson*, 70 F.4th at 1020 (7th Cir. 2023) (holding that because district court did not undertake a historical analysis, "we think the best course is to remand to allow the district court to undertake the *Bruen* analysis in the first instance").

Mr. Barragan requests oral argument under Fed. R. App. P. 34 because this case presents novel issues of first impression in this circuit. Oral argument is also appropriate given the sheer volume of convictions that may be implicated by a holding that 18 U.S.C. § 924(c)(1)(A)(i) is unconstitutional.

Dated: October 2, 2023.

Respectfully submitted,

*s/ Adam Mueller*

*s/ Meredith O'Harris*

Adam Mueller
Meredith O'Harris
HADDON, MORGAN AND FOREMAN, P.C.
950 17th Street, Suite 1000
Denver, CO 80202
Tel 303.831.7364
Fax 303.832.2628
amueller@hmflaw.com
moharris@hmflaw.com

*Attorneys for Jorge Enrique Barragan-Gutierrez*

## Certificate of Compliance with Rule 32

This brief complies with the type-volume limitation of Fed. R. App.

P. 32(a)(7)(B)(i) It contains 6,396 words, excluding the parts of the brief exempted

by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App.

P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6). It has been

prepared in a proportionally spaced typeface using Microsoft Word 365 in 14 pt.

Equity Font.

*s/ Adam Mueller*

## Certificate of Service

I certify that on October 2, 2023, a copy of *Mr. Barragan's Opening Brief* was filed with the Court using CM/ECF, which will send notification of the filing to all parties of record.

Additionally, a copy of the brief was mailed to Mr. Barragan:

Jorge Enrique Barragan-Gutierrez
BOP # 68222-112
FCI Loretto
Federal Correctional Institution
P.O. Box 1000
Cresson, PA 16630

*s/ Adam Mueller*



FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2:16 pm, 4/7/23

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

JORGE ENRIQUE BARRAGAN-
GUTIERREZ,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

Case No. 23-CV-34-NDF
Related No. 14-CR-232-NDF

---

**ORDER DISMISSING MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE**

---

This matter is before the Court on Petitioner Jorge Enrique Barragan-Gutierrez's

motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

Petitioner argues that his conviction under 18 U.S.C. § 924(c) for possession of a

firearm in furtherance of a drug trafficking offense is unconstitutional under *N.Y. State*

*Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022) because it punishes mere public

possession of a firearm coincident with a drug trafficking offense without requiring the

government to show that the firearm was used or brandished, or that the defendant held a

specific intent to use the firearm in relation to the drug trafficking crime.  Petitioner's

argument continues that the law is overbroad because it "potentially criminaliz[es] conduct

that is not directly related to drug trafficking" in violation of the Petitioner's Second

Amendment rights.  ECF 1 pp 5-8.  Petitioner contends that this motion is timely under 28

<span style="color:red">**Appendix A to Mr. Barragan's
Opening Brief**</span>

U.S.C. § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in *Bruen*.  ECF 1, p. 12.

As explained below, the Supreme Court in *Bruen* did not recognize any right related to conviction under § 924(c), so *Bruen* did not start a new one-year limitations period under 28 U.S.C. § 2255(f)(3).  As a result, the motion is DISMISSED as time-barred.

## I.  Background

On February 25, 2015, pursuant to his guilty plea, Mr. Barragan was adjudged guilty of violating 18 U.S.C.§ 924(c)(1)(A), possession of firearms in furtherance of a drug trafficking crime.  For that crime he was sentenced to 5 years of imprisonment to run consecutively following his terms of imprisonment for two other related offenses. 14-CR-232, ECF 123.

Mr. Barragan filed a notice of appeal on April 28, 2015, but the appeal was terminated without judicial action.  14-CR-232, ECF 141, 149.

Mr. Barragan filed this § 2255 motion on June 23, 2023.  Although the motion refers to this filing as "a second in time [§ 2255] motion," Petitioner has not previously filed any motion under § 2255.  ECF 1, p. 12.

## II.  Legal Standards

28 U.S.C. § 2255 entitles a prisoner to collateral relief "[i]f the Court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial

or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."   28 U.S.C. § 2255(b).

The standard applied to § 2255 motions is stringent.   "Only if the violation constitutes a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure can § 2255 provide relief."   *United States v. Gordon,* 172 F. 3d 753, 755 (10th Cir. 1999) (internal quotations omitted).   The Court presumes the proceedings which led to defendant's conviction were correct.   *See Parke v. Raley*, 506 U.S. 20, 29-30 (1992); 28 U.S.C. § 2255(a).   The burden rests on the movant to allege facts which, if proven, would entitle him or her to relief.   See *Hatch v. Oklahoma*, 58 F. 3d 1447, 1471 (10th Cir. 1995), cert. denied, 517 U.S. 1235 (1996).

There is a time limitation on filing § 2255 motions.   A one-year period of limitation runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

For purposes of § 2255(f)(3), the motion need only invoke the newly recognized right, regardless of whether or not the facts of record ultimately support the movant's claim. *United States v. Snyder*, 871 F. 3d 1122, 1126 (10th Cir. 2017).

Mr. Barragan proceeds without the assistance of a lawyer, and the Court therefore liberally construes his § 2255 submission. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.  Analysis

*A.  Whether the Motion is Time-Barred*

The first bridge the Petitioner must cross is the one-year limitation on filing a motion under 28 U.S.C. § 2255(f).   Mr. Barragan asserts that his motion is timely under § 2255(f)(3) as filed within one year of the date on which the Supreme Court newly recognized his asserted right in *Bruen*.   ECF 1, p. 14.   But, as a matter of law, *Bruen* did not establish any rights relevant to criminal conviction under § 924(c).   To see why, it is helpful to discuss what *Bruen* did and did not do.

The *Bruen* decision concerned the right of law-abiding citizens seeking New York permits to "have and carry" concealed firearms outside the home for self-defense. 142 S. Ct. at 2122.   New York's permitting law had a "proper cause" requirement for an applicant to "demonstrate a special need for self-protection distinguishable from that of the general community."   *Id.* at 2156.   This requirement, the Supreme Court held, is what

violated the newly recognized Second and Fourteenth Amendment right of ordinary law-abiding citizens to carry a handgun outside the home for self-defense.  *Id.* at 2122, 2156.

That is all that *Bruen* did.  Of the six Justices in the *Bruen* majority, three wrote or joined concurring opinions that reiterated the limited reach of the holding.  *See Bruen,* 142 S. Ct. at 2157 (Alito, J. concurring) ("today's decision therefore holds that a State may not enforce a law, like New York's Sullivan Law, that effectively prevents its law-abiding residents from carrying a gun for this purpose. That is all we decide."); *Id.* at 2161 (Kavanaugh, J. concurring, Roberts, C.J. joining) ("[t]he Court's decision addresses only the unusual discretionary licensing regimes, known as 'may-issue' regimes, that are employed by 6 States including New York").

There is no indication that the Supreme Court in *Bruen* recognized any new Second Amendment right in the context of criminality.  Like *Heller* and *McDonald* before, that is something *Bruen* did not do.  *See Bruen,* 142 S. Ct. at 2122 ("In [*Heller*], and [*McDonald*], we recognized that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense. . . . We [] now hold, consistent with *Heller* and *McDonald*, that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home.") (citing *District of Columbia v. Heller*, 554 U. S. 570 (2008); *McDonald v. Chicago*, 561 U. S. 742 (2010)).

In 2011, the 10th Circuit Court of Appeals denied a similar challenge to a § 924(c)(A)(1) conviction in light of the Supreme Court's holding in *Heller. United States*

*v. Angelos*, 417 F. App'x 786, 800-01 (10th Cir. 2011) (unpublished).  The 10th Circuit's

rational remains directly applicable to this case:

> The majority in *Heller* made it clear that "the right secured by the Second
> Amendment is not unlimited" and that "nothing in our opinion should be taken to
> cast doubt on longstanding prohibitions on the possession of firearms by felons and
> the mentally ill, or laws forbidding the carrying of firearms in sensitive places such
> as schools and government buildings[.]" *Heller*, 128 S. Ct. at 2816-17.  More
> importantly, the charges against Angelos were not simple felon-in-possession
> claims, but charges of possessing and using firearms to facilitate large-scale drug
> trafficking.

*Id*.

In *Bruen* "the majority opinion states that its holding was 'in keeping with *Heller*,'"

and this Court is unable to discern anything in *Bruen* that would disturb the 10th Circuit's

*Heller*-based analysis in *Angelos*.  *See United States v. Butts,* 2022 WL 16553037, at *2–4

(D. Mont., 2022) ("*Bruen* did not disturb what was said in *Heller* about the restrictions

imposed on possessing firearms").

Numerous courts have come to the same conclusion about *Bruen*'s inapplicability

to § 924(c), and this Court has not found any decisions to the contrary.  *See e.g. In re Terry*,

No. 22-13615-C, 2022 U.S. App. LEXIS 31448, at *4-6 (11th Cir. 2022) ("[petitioner] has

not shown that the Supreme Court's holding in *Bruen*, relating to rights of 'ordinary, law-

abiding, adult citizens' to carry handguns publicly for their self-defense, has any bearing

on § 924(c)'s prohibition on gun possession during a drug-trafficking crime"); *United*

*States v. Burgess*, 22-1110/22-1112, 2023 WL 179886, at *5 (6th Cir. 2023) ("at [the

defendant's] plea hearing he answered 'yes' to the question whether he had possessed

firearms in furtherance of his drug crimes . . . So, having admitted to conduct 'outside the

scope of the Second Amendment right as historically understood,' [the defendant] cannot seek refuge in *Bruen*").[1]

The Court is aware of *United States v. Rahimi* where, relying on *Bruen,* the 5th Circuit Court of Appeals overturned a conviction under 8 U.S.C. § 922(g)(8) for possession of a firearm while under a domestic violence restraining order. No. 21-11001, 2023 U.S. App. LEXIS 5114, at *6-7 (5th Cir. Mar. 2, 2023) *petition for cert. filed,* No. 22-915, Mar. 21, 2023. The holding in *Rahimi* was simply that the proceeding establishing the domestic violence restraining order was a civil proceeding, as opposed to a criminal proceeding, and thus insufficient to remove Mr. Rahimi from the category of "law-abiding citizens"

---

[1] *See also United States v. Nevens*, 2022 WL 17492196, at *2 (C.D. Cal. 2022) ("[d]efendant is not a law-abiding citizen, and regulations governing non-law abiding citizens' use of firearms do not implicate *Bruen* and *Heller*"); *United States v. Isaac*, 2023 WL 1415597, at *5–6 (N.D. Ala., 2023) ("*Bruen* in no way casts doubt upon the Congress's ability to criminalize the 'use' of a firearm for an unlawful purpose"); *United States v. Snead* 2022 WL 16534278, at *5 (W.D. Va. 2022)( "the Second Amendment protects the conduct of law-abiding citizens, and provides no constitutional sanctuary for those who use firearms to commit crimes . . . Plainly, the illegal context of Snead's alleged possession takes this case outside of the ambit of *Bruen*"); *Battles v. United States*, No. 4:23-cv-00063-HEA, 2023 U.S. Dist. LEXIS 10063, at *2 (E.D. Mo. 2023) ("*Bruen* confines its holding to the context of regulations that 'burden a law-abiding citizen's right to armed self-defense.' Movant is not a law-abiding citizen, and regulations governing non-law-abiding citizens' use of firearms do not implicate *Bruen*.") (cleaned up); *In re United States Austin Bruce Jeffreys*, No. 3:21-00216, 2022 U.S. Dist. LEXIS 198706, at *3 (S.D. W. Va. 2022) ("this Court finds nothing in *Bruen* that suggests Congress cannot act within the confines of the Second Amendment by . . . prohibit[ing] the use of a firearm during and in relation to a drug trafficking crime, or conspiracy to do so, as found in 18 U.S.C. § 924(c)(1)(A) and (o)); *United States v. Smith*, No. 3:16-cr-86 (D. Alaska 2022); *United States v. Serrano*, No. 21-CR-1590 JLS, 2023 U.S. Dist. LEXIS 38240, at *33 (S.D. Cal. 2023) ("furthering drug trafficking is neither self-defense nor lawful. Accordingly, the activity regulated by the prohibitions against . . . possession of a firearm in furtherance of drug trafficking is categorically unprotected") (cleaned up); *Orrego Goez v. United States*, 2023 WL 2045970, at *4 (S.D. Fla., 2023); *Fried v. Garland*, 2022 WL 16731233, at *1, *9 (N.D. Fla., 2022); *United States v. Butts*, 2022 WL 16553037, at *2–4 (D. Mont., 2022); *United States v. Ingram*, 2022 WL 3691350 (D. S.C., 2022); *United States v. Garrett*, 2023 WL 157961, at *3 (N.D., 2023).

articulated in *Heller* and *Bruen*. *Id.* at n. 7 ("the distinction between a criminal and civil proceeding is important because criminal proceedings have afforded the accused substantial protections throughout our Nation's history . . . It is therefore significant that § 922(g)(8) works to eliminate the Second Amendment right of individuals subject merely to civil process"). *Rahimi* does nothing to show that the Supreme Court established a right under *Bruen* to be free from conviction in a criminal proceeding for possession of a firearm in furtherance of a drug trafficking offense.

This Court concludes as a matter of law that the right which petitioner attempts to invoke in his § 2255 motion was not recognized by the Supreme Court in *Bruen* and that, as a result, *Bruen* does not trigger a new one-year limitations period under 28 U.S.C. §2255(f)(3). *See United States v. Wing*, 730 F. App'x 592, 596 (10th Cir. 2018) (unpublished) ("*Johnson* did not recognize a new right relative to § 924(c)(3)(B). Therefore, [Petitioner's] attempt to rely on § 2255(f)(3) to establish the timeliness of his habeas motion fails") (citing *Johnson v. United States,* 576 U.S. 591 (2015)). Accordingly, the Court finds that the motion is not timely and is therefore DISMISSED.

   *B. Whether the Petitioner's Claim Could Succeed on the Merits.*

Even if the Court were to consider the merits of Petitioner's motion under § 2255, the Court would come to the same conclusion. Mr. Barragan has not provided any facts regarding his individual case. ECF 1, pp. 6-8. His petition is a purely legal argument about *Bruen.* *Id.* Yet for the reasons already discussed, *Bruen* is simply not applicable to a conviction under 18 U.S.C. § 924(c).

Moreover, Petitioner's argument that § 924(c) "potentially criminaliz[es] conduct that is not directly related to drug trafficking" is simply an incorrect statement of law. *See U.S. v. Avery,* 295 F. 3d 1158, 1174–75 (10th Cir. 2002). The 10th Circuit has clearly articulated that "the 'in furtherance of' requirements of § 924(c)(1) . . . mandate[s] that the government prove more than the mere presence of a gun during a drug trafficking crime." *Id.* "Rather, the government must illustrate through specific facts, which tie the defendant to the firearm, that the firearm was possessed to advance or promote the criminal activity." *United States v. Iiland*, 254 F. 3d 1264, 1271 (quoting H.R. Rep. No. 105-344, at 9 (1997)) (holding that the "in furtherance of" element is a slightly higher standard that encompasses the "during and in relation to" standard set out in the "use" and "carry" prongs of §924(c)).

Finally, Petitioner offers no support for his argument that *Bruen* would now require a showing of specific intent or proof that Petitioner used or brandished a firearm. ECF 8.

### C.  Whether the Court Should Issue a Certificate of Appealability.

The denial of a 28 U.S.C. § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a Certificate of Appealability (COA). *See* 28 U.S.C. § 2253(c)(1). Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to grant or deny a COA when making a ruling adverse to the petitioner. *United States v. Scuderi*, No. 12-10059-EFM, 2020 U.S. Dist. LEXIS 220913, at *7 (D. Kan. 2020). A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right." *Id.*; § 2255(c)(2). A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or

9

wrong." *Saiz v Ortiz*, 392 F. 3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).

Mr. Barragan has not made any showing that the existing "possession of firearms in furtherance of a drug trafficking crime" prong of 18 U.S.C. § 924(c) is constitutionally infirm after *Bruen* and that he was denied a constitutional right. Therefore, the Court denies a COA.

### IV.  Conclusion

For the reasons stated above, IT IS ORDERED THAT Petitioner's Motion under 28 U.S.C. § 2255 is DISMISSED as time-barred.

IT IS FURTHER ORDERED that a Certificate of Appealability shall not issue.

The Court's orders at ECF 2 and ECF 5 are VACATED as moot. The Clerk's office shall close this case.

IT IS SO ORDERED this 7th day of April, 2023.

_____
NANCY D. FREUDENTHAL
UNITED STATES SENIOR DISTRICT JUDGE



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED

2:57 pm, 4/7/23

**Margaret Botkins**
**Clerk of Court**

JORGE ENRIQUE BARRAGAN-
GUTIERREZ,

      Petitioner,

          vs.

UNITED STATES OF AMERICA,

      Respondent.

Case No. 23-CV-34-F

(Criminal No. 14-CR-232-F)

---

### FINAL JUDGMENT

This action came before the Court Petitioner's motion pursuant to 28 U.S.C. § 2255, the

Honorable Nancy D. Freudenthal, Senior United States District Judge, presiding. The Court having

entered an Order Dismissing Motion to Correct, Vacate, or Set Aside Sentence, finding that

Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, no hearing is required, and no

certificate of appealability shall issue.

IT IS ORDERED, ADJUDGED, AND DECREED that this matter is DISMISSED.

Dated this <u>7th</u> day of April, 2023.



*Clerk of Court or Deputy Clerk*

<span style="color:red">**Appendix B to Mr. Barragan's
Opening Brief**</span>